| | |
|---|---|
| D.H. PORTER ENTERPRISES, LLC, d/b/a Staffing Etc., | *   IN THE |
| *Plaintiff*, | *   UNITED STATES |
| | *   DISTRICT COURT |
| v. | *   FOR THE |
| MARCELLUS MCKINLEY, | *   DISTRICT OF MARYLAND |
| *Defendant*. | *   (Southern Division) |
| | *   Case No.: _____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# COMPLAINT

Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Ronald H. Jarashow, Lucas Van Deusen, and BOWMAN JARASHOW LAW LLC, hereby files this Complaint against Defendant, Marcellus McKinley (hereinafter referred to as "Defendant"), and for grounds states:

## PARTIES AND JURISDICTION

1. Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., is a Maryland limited liability company (LLC) with its principal office located in Prince George's County, Maryland. The members of the LLC are all Maryland citizens who reside in Maryland.

2. Defendant, Marcellus McKinley, was an employee of Plaintiff and is a citizen of and resides in Virginia.

3. Pursuant to 28 U.S.C. § 1332(a), jurisdiction is proper as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states.

4. Venue is proper in Maryland pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in Prince George's County, Maryland.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a company engaged in the staffing business, specialized in placing health care professionals and administrative staff on assignments at government agencies, hospitals, school systems, health centers, and private corporations.

6. On or about February 12, 2016, and February 24, 2016, Plaintiff entered into an employment agreement with Defendant (the "Employment Agreement").

7. The Employment Agreement outlined Defendant's rights and obligations to Plaintiff, including, but not limited to, Defendant's salary and potential commission pay.

8. Under the Employment Agreement, Defendant would receive certain commissions for those sales / clients he originated.

9. In or around 2020, Hope Porter, Plaintiff's "President", originated a company contract / sale with Public Consulting Group ("PCG").

10. Defendant contended that he was owed a commission with regard to the Public Consulting Group ("PCG") contract / sale. Plaintiff disagrees that Defendant should be paid a commission for this transaction.

11. Whether Defendant originated a client sale required the following criteria to be met:

    a. Advanced contact with contracting officer for the specific opportunity;

    b. Evidence of meetings, phone conversations, and email correspondence prior to release of proposal regarding specific opportunities;

    c. Responses to sources sought regarding specific opportunity;

    d. Documentation in the Staffing Business Development database – Sales Force or other software identified by Staffing, regarding specific opportunities; and

    e. Signed contract(s) sent/delivered from Private/Commercial Facility.

12. Plaintiff contends that based on the criteria, Defendant was not entitled to be paid a commission on the PCG matter.

13. On or about June 24, 2022, Plaintiff terminated Defendant for cause.

14. Following Defendant's termination, Plaintiff discovered that Defendant was overpaid certain commissions.

15. In July 2022, Plaintiff notified Defendant that he received commissions for which he was not entitled and demanded return of that amount to Plaintiff.  To date, Defendant has not paid this amount of overpaid commissions and refused to pay that amount to Plaintiff.

16. Plaintiff has abided by all rights and obligations of the Employment Agreement.

## COUNT I.  DECLARATORY JUDGMENT, EMPLOYMENT AGREEMENT

17. Plaintiff hereby incorporates and re-alleges each paragraph above as though fully set forth herein.

18. Pursuant to MD. CODE, CTS. & JUD. PROC. § 3-401, *et seq.*, this Court may "declare right status, and other legal relations whether or not further relief is or could be claimed." *Id.* Further, "any person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation . . . may have determined any question or construction or validity arising under the instrument, statute, ordinance, administration rule or regulation . . . ." *Id.*

19. Plaintiff requests that this Court declare the rights and status of Plaintiff's and Defendant's rights under the Employment Agreement.  Specifically, Plaintiff requests that this Court declare that the commission language in the Employment Agreement means that Defendant is only entitled to commissions for sales / clients which he originated including, but not limited to:

    a.    The PCG contract and sale was not originated by Defendant; and

    b.    The PCG contract and sale was originated by Plaintiff; and

    c.    Defendant is not entitled to commissions for those sales relating to the PCG contract.

20.     There is an actual controversy between the parties regarding the Employment Agreement and when commissions are owed to Defendant. The declarations would promote resolving the other causes of actions that are pending between the parties.

WHEREFORE, Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., requests that this Honorable Court enter a declaratory judgment in its favor against Defendant, Marcellus McKinley, pursuant to the Employment Agreement that:

A.  Defendant, Marcellus McKinley, shall only be entitled to those commissions on sales contracts which he originated;

B.  Defendant, Marcellus McKinley, is not entitled to commissions relating to the PCG contract; and

C.  any other and further relief as the Court deems just and proper.

## COUNT II.  UNJUST ENRICHMENT

21.     Plaintiff hereby incorporates and re-alleges each paragraph above as though fully set forth herein.

22.     During his employment, Defendant received commission payments for which he was not entitled to.

23.     Defendant is aware and had knowledge of the unearned commissions and benefits conferred upon him.  Defendant had further knowledge of the unearned commissions upon being notified by Plaintiff.

24.     In July 2022, Plaintiff demanded that Defendant return those unearned commissions to Plaintiff.  Despite this, Defendant has continued to accept the unearned commissions.

25.     Defendant's acceptance and retention of those unearned wages is such that it would be inequitable for Defendant to retain them without having originated the sale / client, therefore, earning the commission.

WHEREFORE, Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., demands judgment against Defendant, Marcellus McKinley, for damages in excess of $75,000.00 plus costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT III.  CONTRACT BREACH, EMPLOYMENT AGREEMENT

26.     Plaintiff hereby incorporates and re-alleges each paragraph above as though fully set forth herein.

27.     In February 2016, Plaintiff and Defendant entered into the Employment Agreement.

28.     The Employment Agreement sets forth Defendant's rights as to commissions and the amount, if any, Defendant is entitled to based on Plaintiff's sales.

29.     Following his termination, Plaintiff discovered that Defendant received commissions in excess of those permitted under the Employment Agreement.

30.     In July 2022, Plaintiff demanded the return of those unearned commissions from Defendant.

31.     Defendant breached the Employment Agreement by continuing to withhold and retain those unearned commissions.

32.     As a result of Defendant's breach of the Employment Agreement, Plaintiff has suffered and continues to suffer monetary damages.

WHEREFORE, Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., demands judgment against Defendant, Marcellus McKinley, for damages in excess of $75,000.00 plus costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

Date: August 1, 2023

      /s/ *Ronald H. Jarashow*
Ronald H. Jarashow (Bar No. 00458)
rjarashow@BowmanJarashow.com

      /s/ *Lucas Van Deusen*
Lucas Van Deusen (Bar No. 30274)
lvandeusen@BowmanJarashow.com

BOWMAN JARASHOW LAW LLC
162 West Street
Annapolis, Maryland 21401
P: (410) 267-9545
F: (443) 782-0241

*Attorneys for Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc.*