UNITED STATES  DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| D.H. PORTER ENTERPRISES, LLC, d/b/a Staffing Etc., | * | IN THE |
| | * | UNITED STATES |
| **Plaintiff,** | | |
| | * | DISTRICT COURT |
| **v.** | | |
| | * | FOR THECase No.: 8:23-cv-02069 AAQ |
| MARCELLUS MCKINLEY, | | |
| | * | DISTRICT OF MARYLAND |
| **Defendant.** | * | |
| | * | |

**FIRST AMENDED** (Southern Division)

* Case No.: _____

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Ronald H. Jarashow, Lucas Van Deusen, and BOWMAN JARASHOW LAW LLC, hereby files this First Amended Complaint against Defendant, Marcellus McKinley (hereinafter referred to as "Defendant"), and for grounds states:

## PARTIES AND JURISDICTION

1.      Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., is a Maryland limited liability company (LLC) with its principal office located in Prince George's County, Maryland.  The members of the LLC are all Maryland citizens who reside in Maryland.

2.      Defendant, Marcellus McKinley, was an ~~employee~~independent contractor of Plaintiff and is a citizen of and resides in Virginia.

3.      Pursuant to 28 U.S.C. § 1332(a), jurisdiction is proper as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states.

4.      Venue is proper in Maryland pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in Prince George's County, Maryland.

### FACTS COMMON TO ALL COUNTS

5.      Plaintiff is a company engaged in the staffing business, specialized in placing health care professionals and administrative staff on assignments at government agencies, hospitals, school systems, health centers, and private corporations.

~~6.~~      On or about February 12, 2016, and February 24, 2016, Plaintiff entered into an ~~employment agreement~~Agreement with Defendant (the "~~Employment~~ Agreement~~").~~

~~7.~~6.      "), which was modified by the parties in February 2020.  The ~~Employment~~ Agreement outlined Defendant's rights and obligations to Plaintiff, including, but not limited to, Defendant's ~~salary~~annual base rate and potential commission pay.

7.      ~~Under~~Even though the Agreement's title was "Employment Agreement~~,~~," Defendant ~~would receive certain~~requested that he be an independent contractor rather than an "employee."  Plaintiff agreed.  At all times that Defendant performed work for Plaintiff, Defendant was treated as an independent contractor.  Defendant's independent contractor status was confirmed by an independent third-party authority.

8.      Under the Agreement, Defendant was entitled to be paid commissions for those sales / clients he originated.

9.      In February 2020, Plaintiff updated the compensation formula for payments to Defendant.  At all times after that letter, Defendant's compensation was based on that updated formula which all parties accepted as a modification of the original Agreement.

9.10.  In or around 2020, Hope Porter, Plaintiff's "PresidentCEO", originated a company contract / sale with Public Consulting Group ("PCG").

10.11. Defendant contended that he was owed a commission with regard to the Public Consulting Group ("PCG") contract / sale.  Plaintiff disagrees that Defendant should be paid a commission for this transaction.

11.12. Whether Defendant originated a client sale required the followingwas determined by criteria including, but not limited to be met:

a.      Advanced contact with contracting officer for the specific opportunity;

b.      Evidence of meetings, phone conversations, and email correspondence prior to release of proposal regarding specific opportunities;

c.      Responses to sources sought regarding specific opportunity;

d.      Documentation in the Staffing Business Development database – Sales Force or other software identified by Staffing, regarding specific opportunities; and

e.      Signed contract(s) sent/delivered from Private/Commercial Facility.

12.13. Plaintiff contends ~~that based on the criteria,~~ Defendant was not entitled to be paid a commission on the PCG matter.

13.14. On or about June 24, 2022, Plaintiff terminated Defendant for cause.

14.15. Following Defendant's termination, Plaintiff discovered that Defendant was overpaid certain commissions.

15.16. In July 2022, Plaintiff notified Defendant that he received commissions for which he was not entitled and demanded return of that amount to Plaintiff.  To date, Defendant has not paid this amount of overpaid commissions and refused to pay that amount to Plaintiff.

16.17. Plaintiff has abided by all rights and obligations of the ~~Employment~~ Agreement and the compensation formula.

## COUNT I.  DECLARATORY JUDGMENT, ~~EMPLOYMENT~~ AGREEMENT

17.18. Plaintiff hereby incorporates and re-alleges each paragraph above as though fully set forth herein.

18.19. Pursuant to MD. CODE, CTS. & JUD. PROC. § 3-401, *et seq.*, this Court may "declare right status, and other legal relations whether or not further relief is or could be claimed."  *Id.*  Further, "any person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation . . . may have determined any question or construction or validity arising under the instrument, statute, ordinance, administration rule or regulation . . . ."  *Id.*

20.    In July 2023, Defendant, through counsel, sent a demand to Plaintiff for alleged unpaid commissions relating to the PCG contract, despite not meeting the

requirements for being compensated.  Defendant contended he was entitled to attorneys' fees and / or treble damages under the Maryland Wage Payment Act.

21.    Under the Maryland Wage Payment Act, only an "employee" is entitled to claim an award of up to triple damages, attorney's fees, and costs.  An independent contractor is not entitled to assert a claim, as a matter of law.  Further, under the Act, when there is a bona fide dispute, there is no claim permitted. MD. CODE, LAB. & EMPL. § 3-507.2(b).

22.    There are actual disputes between the parties that create a justiciable controversy that a declaratory judgment would resolve including, but not limited to:

  a.    Whether Defendant is an employee entitled to assert a claim pursuant to the Maryland Wage Payment Act;

  b.    Whether there is a bona fide dispute between the parties regarding whether Defendant is an employee;

  c.    Whether Defendant is entitled to compensation based on the criteria for being paid compensation.

~~19.~~23. Plaintiff requests that this Court declare the rights and status of Plaintiff's and Defendant's rights under the ~~Employment~~ Agreement.  Specifically, Plaintiff requests that this Court declare that the commission language in the ~~Employment Agreement means that Defendant is only entitled to commissions for sales / clients which he originated~~Agreement including, but not limited to:

  a.    Defendant is only entitled to commissions for sales / clients which he originated;

5

~~a.~~b.     The PCG contract and sale ~~was~~were not originated by Defendant; ~~and~~

~~b.~~c.     The PCG contract and sale ~~was~~were originated by ~~Plaintiff; and~~Plaintiff's CEO, Hope Porter;

~~c.~~d.     Defendant is not entitled to commissions for those sales relating to the PCG contract.

24.     ~~There is an actual controversy between~~Further, Plaintiff requests that this Court declare the ~~parties regarding the Employment Agreement~~rights and ~~when~~status of the parties' rights under the Maryland Wage Payment Act.  Plaintiff requests a declaration that Defendant is not entitled to assert a claim under the Maryland Wage Payment Act for reasons including, but not limited to,

a.     Defendant was an independent contractor and not an employee;

b.     A bona fide dispute exists concerning whether Defendant is an employee;

c.     Whether Defendant is entitled to commissions ~~are owed~~relating to ~~Defendant.~~ the PCG contract.

~~20.~~25. The declarations would promote resolving the other causes of ~~actions~~action that are pending between the parties.

WHEREFORE, Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., requests that this Honorable Court enter a declaratory judgment in its favor against Defendant, Marcellus McKinley, pursuant to the ~~Employment~~ Agreement that:

A.     Defendant, Marcellus McKinley, shall only be entitled to those commissions on sales contracts which he originated;

B.     Defendant, Marcellus McKinley, is not entitled to commissions relating to the PCG contract; ~~and~~

C.     ~~any~~Defendant, Marcellus McKinley, is not entitled to treble damages and / or attorneys' fees award under the Maryland Wage Payment Act because of his status as an independent contractor;

D.     Defendant, Marcellus McKinley, is not entitled to treble damages and / or attorneys' fees award under the Maryland Wage Payment Act because a bona fide dispute exists as to whether Defendant, Marcellus McKinley, is entitled to such commissions; and

~~C.~~E.   Any other and further relief as the Court deems just and proper.

## COUNT II.  UNJUST ENRICHMENT

~~21.~~26. Plaintiff hereby incorporates and re-alleges each paragraph above as though fully set forth herein.

~~22.~~27. During his employment, Defendant received commission payments for which he was not entitled to.

~~23.~~28. Defendant is aware and had knowledge of the unearned commissions and benefits conferred upon him.   Defendant had further knowledge of the unearned commissions upon being notified by Plaintiff.

~~24.~~29. In July 2022, Plaintiff demanded that Defendant return those unearned commissions to Plaintiff.  Despite this demand, Defendant has continued to accept the unearned commissions.

25.30. Defendant's acceptance and retention of those unearned wages is such that it would be inequitable for Defendant to retain them without having originated the sale / client, therefore, earning the commission.

WHEREFORE, Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., demands judgment against Defendant, Marcellus McKinley, for damages in excess of $75,000.00 plus costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT III.  CONTRACT BREACH, ~~EMPLOYMENT~~ AGREEMENT**

26.31. Plaintiff hereby incorporates and re-alleges each paragraph above as though fully set forth herein.

27.32. In February 2016, Plaintiff and Defendant entered into the ~~Employment~~Agreement.  As provided above, in February 2020, the parties changed Defendant's compensation formula, modifying the original Agreement.

28.33. The ~~Employment~~ Agreement sets forth Defendant's rights as to commissions and the amount, if any, Defendant is entitled to based on Plaintiff's sales.

29.34. Following his termination, Plaintiff discovered that Defendant received commissions in excess of those permitted under the ~~Employment~~ Agreement.

30.35. In July 2022, Plaintiff demanded the return of those unearned commissions from Defendant.

31.36. Defendant breached the ~~Employment~~ Agreement by continuing to withhold and retain those unearned commissions.

8

32.37. As a result of Defendant's breach of the ~~Employment~~ Agreement, Plaintiff has suffered and continues to suffer monetary damages.

WHEREFORE, Plaintiff, D.H. Porter Enterprises, LLC, d/b/a Staffing Etc., demands judgment against Defendant, Marcellus McKinley, for damages in excess of $75,000.00 plus costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

Date: August ~~1~~3, 2023

        /s/ *Ronald H. Jarashow*
Ronald H. Jarashow (Bar No. 00458)
rjarashow@BowmanJarashow.com

        /s/ *Lucas Van Deusen*
Lucas Van Deusen (Bar No. 30274)
lvandeusen@BowmanJarashow.com

BOWMAN JARASHOW LAW LLC
162 West Street
Annapolis, Maryland 21401
P: (410) 267-9545
F: (443) 782-0241

*Attorneys for Plaintiff, ~~D.H. Porter Enterprises,~~* D.H. *Porter Enterprises,* LLC, d/b/a Staffing Etc.*